**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| WILLIE JAMES BUSH, JR. | Case No. 1:14-cv-424 |
| Plaintiff, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| OPM – POST RETIREMENT, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff recently filed another pro se complaint with this Court, together with a motion for leave to proceed *in forma pauperis*. (Doc. 1). In his current complaint, Plaintiff names as defendants: OPM – Post Retirement, OPM – Retirement, this district court, the United States Attorney, the United States Attorney General, Congressman Brad Westrup's Office, OWCP Claim Examiner Mary Szymczyk, the United States Court of Appeals for the Sixth Circuit, the United States Supreme Court, the Federal Bureau of Investigation in Cleveland, Ohio, and the Manager of SS Reading, LLC, d/b/a Simply Self Storage.

The complaint is difficult to decipher, but appears to concern Plaintiff's grievance with prior rulings of the federal courts, the calculation of benefits that Plaintiff received either in relation to a pension and/or a workers' compensation claim, and how the improper calculation(s) led to his personal financial distress, including the sale of his belongings from a storage facility. Plaintiff appears to seek the impeachment of various "heads of the United States" as well as "twenty-five million dollars."

The instant case is the eighth such case filed by Plaintiff since 2013 in this district filed without prepayment of fees. The undersigned and another magistrate judge to

whom Plaintiff's cases previously have been assigned have dismissed the majority of Plaintiff's complaints as frivolous under the screening standards of 28 U.S.C. §1915(e)(2)(B). In the four most recent cases filed by Plaintiff Bush prior to the above captioned case, the Court specifically warned Mr. Bush that he was likely to be subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure as a vexatious litigator, based upon his recent history in this district, should he continue to file frivolous lawsuits. *See, e.g., Bush v. United States of America, et al.*, Case No. 1:13-cv-587 (Docs. 5, 8); *Bush v. Dr. Ahmad, et al.*, Case No. 1:13-cv-448 (Docs. 4, 8); *Bush v. United States, et al.*, Case No. 1:13-cv-384 (Docs. 6, 8); *Bush v. United States, et al.*, Case No. 1:13-cv-417 (Docs. 5, 8).

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or

repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Similar to Plaintiff's prior lawsuits, the instant complaint fails to state a claim, or any arguable basis for this Court to assume jurisdiction, and therefore should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). Most of the Defendants, like this Court, are immune from suit, and there are few or no factual allegations against many of the identified Defendants. Given that Plaintiff has been warned on four separate occasions that he would likely be subjected to sanctions as a vexatious litigator should he continue to file frivolous lawsuits, the time has come for those sanctions to be put in place.

"[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'"

3

*Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). A Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers v. Chevon U.S.A., Inc., et al.*, 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits. Moreover, the Sixth Circuit recognizes the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial,* 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.,* 141 F .3d 264, 269 (6th Cir.1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987). The *Feathers* court recognized there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers* at 269. The Sixth Circuit Court agreed with the Ninth Circuit that "[t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims." *Id.,* citing *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1524 (9th Cir.1983). Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants. See e.g., *Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

At this juncture, Plaintiff's actions rise to the level of prolific and vexatious

litigation. *See Feathers* at 269 (issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases). Issuing yet another warning to this particular Plaintiff clearly would be of no benefit either to Plaintiff or to this Court. As such, the undersigned recommends classifying Plaintiff as a harassing and vexations litigator such that pre-filing restrictions should be imposed before any additional complaints will be accepted by this Court. *See Marbly v. Wheatley, 87 Fed.Appx.* 535 (6th Cir.2004) (mandating that pro se plaintiff first seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Financial*, 229 F.3d 1154 (6th Cir. 2000) (requiring harassing and vexatious pro se litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

In terms of the level of pre-filing restrictions to be imposed, courts have restricted pro se litigants from filing further actions without a certification from the Court or from an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court*, 114 F.3d 1188 (6th Cir. 1997)(unpublished), 1997 WL 321112, *1; *May v. Guckenberger*, 2001 WL 1842462, *6 (S.D. Ohio 2001). The Court finds that a similar sanction is appropriate in this case to deter Plaintiff Willie James Bush from filing future frivolous lawsuits in this Court.

Accordingly, for these reasons, **IT IS RECOMMENDED THAT**:

1. Plaintiff's complaint should be **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B);

2. Plaintiff Willie James Bush should be declared a harassing and vexatious litigator, and therefore be **ENJOINED AND PROHIBITED** from filing any additional complaints in the Southern District of Ohio which have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, *or alternatively*, which are accompanied by payment of the full filing fee;

3. The Clerk of Court should be specifically **DIRECTED** not to accept any such pleadings from Plaintiff absent compliance with the above restrictions, and should be instructed to dispose of such documents accordingly;

4. That pursuant to 28 U.S.C. § 1915(a)(3), the Court certify that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| WILLIE JAMES BUSH, JR. | Case No. 1:14-cv-424 |
| Plaintiff, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| OPM – POST RETIREMENT, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).